UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tony Don, | |
| Petitioner, | Case No. 16-cv-103 (ADM/SER) |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Hammer, | |
| Respondent. | |

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Tony Don's ("Don") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. No. 1] and Authorization to Amend Petition Pursuant to 28 U.S.C. § 2242 ("Motion to Amend Petition") [Doc. No. 27]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends dismissing Don's Petition. This Court also recommends denying Don's Motion to Amend Petition as moot because it does not cure any of the deficiencies in Don's Petition.

I.    **FACTUAL BACKGROUND**[1]

Don is incarcerated at Minnesota Correctional Facility Oak Park Heights ("MCF-OPH") after being convicted of first-degree aggravated robbery under Minnesota Statutes section

---

[1] A comprehensive factual background can be found in the Honorable Jeffrey J. Keyes's Report and Recommendation Dated March 8, 2016 ("March R&R") [Doc. No. 11], when Judge Keyes recommended the dismissal of grounds I, III, and V of Don's Petition. This Report and Recommendation incorporates that factual background by reference and only includes the aspects necessary to address Don's remaining grounds (II and IV).

609.245, subdivision 1. *See* (Pet. at 1);[2] *see also Offender Locator,* Minn. Dep't of Corr., https://coms.doc.state.mn.us/PublicViewer (search by "MNDOC Offender ID" and enter 226322) (stating that Don is currently incarcerated at MCF-OPH) (last visited Mar. 27, 2017).

Don appealed his conviction to the Minnesota Court of Appeals, arguing that the district court "improperly allowed evidence of an overly suggestive identification of him at trial" and also alleging "several instances of prosecutorial misconduct" that were prejudicial to his case. *See State v. Don*, No. A14-0261, 2015 WL 648243, at *1 (Minn. Ct. App. Feb. 17, 2015). The Minnesota Court of Appeals affirmed Don's conviction.[3]

On petition for review to the Minnesota Supreme Court, Don's exclusive basis for review was whether "[i]t is improper . . . for a district court judge to consider a defendant's criminal history three times when it imposed a durational departure pursuant to the dangerous offender statute." (Exs. Part 2, "Resp't's Exs. Part 2," Attached to Answer) [Doc. No. 16-3 at 44].[4] The Minnesota Supreme Court declined review. (*Id.* at 66).

Don filed his first petition for post-conviction relief on July 14, 2015. *See* (Pet. at 3); *see also* (Pet'r's Ex. 1, "Ex. 1") [Doc. No. 4 at 3]. Don "alleged the existence of newly discovered exculpatory evidence based on false trial testimony; denial of due process based on law enforcement's failure to preserve shoe prints in the snow and failure to fingerprint stolen cash; improper limitation of [Don]'s closing argument; and prosecutorial misconduct regarding accomplice trial testimony." (Ex. 1 at 3). Denying Don's post-conviction request, the district

---

[2]   When referencing the Petition, CM/ECF pagination is used.
[3]   Don also argued on appeal that the district court erred by impermissibly allowing impeachment evidence of his past felony convictions and "triple-counting" his prior convictions in arriving at a sentence. *See Don*, 2015 WL 648243, at *3–5, 6–7. Grounds related to these arguments, however, were dismissed in the Honorable Ann D. Montgomery's Order adopting Judge Keyes's Report and Recommendation. *See* (Order Dated April 1, 2016) [Doc. No. 15].
[4]   When referencing exhibits, CM/ECF pagination is used.

2

court found that Don "failed to raise new issues or allege any new evidence and only restated disputed facts in the trial record." (*Id.*). Don did not appeal the district court's post-conviction determination. *See* (Pet'r's Reply to Resp't's Answer to the Pet'r's Pet. for Writ of Habeas Corpus, "Reply") [Doc. No. 17 at 1].

Don filed his second petition for post-conviction relief on September 8, 2015. *See* (Pet. at 4); *see also* (Ex. 1 at 4). In that petition, Don "(1) alleged that law enforcement failed to preserve the integrity of fingerprints on cash; (2) challenged the validity of the show-up identification conducted prior to trial; and (3) requested fingerprint testing to produce scientific evidence noncumulative thats [sic] relevant to actual innocence of the petitioner." (Ex. 1 at 4) (internal quotation marks omitted). The district court again denied Don's request for post-conviction relief. (*Id.*). In particular, the district court found that *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976), barred Don's claims because Don "knew or should have known about them at the time of trial, his direct appeal, or previous petition for postconviction relief" and failed to raise them at that time. (*Id.*). Don also did not appeal his second petition for post-conviction relief. *See* (Reply at 1).

Don next filed a state habeas corpus petition on September 25, 2015. *See* (Pet. at 4); *see also* (Ex. 1 at 2). The district court denied Don's petition grounded on the basis that Don's petition was not properly before the correct court and even if it were, Don "failed to establish any sort of factual dispute, and he has failed to meet his burden to show the illegality of his detention." (Ex. 1 at 5). Don did not appeal his state habeas corpus petition. *See* (Mar. R&R at 5).

Don initiated this federal habeas corpus petition on January 19, 2016. *See* (Pet.). Judge Keyes performed a preliminary review of Don's Petition pursuant to Rule 4 of the Rules

3

Governing Section 2254 Cases in the United States District Courts. *See generally* (Mar. R&R). Based on the record available at the time of his review, Judge Keyes recommended that grounds I, III, and V be dismissed.[5] (*Id.* at 13). Of the remaining grounds, ground II alleges that the trial court improperly limited Don's attorney's closing argument. (Pet. at 7). Ground IV alleges the trial court erred in allowing evidence of the suggestive pretrial identification to be admitted at trial. (Pet. at 10). Neither of these claims were ever presented to the Minnesota Supreme Court and concern facts and issues known at the time of Don's direct appeal. *See* (Resp't's Exs. Part 2 at 44); *see also* (Ex. 1).

In addressing ground II, Judge Keyes's noted "[t]his Court strongly suspects that [ground II] has been procedurally defaulted." (Mar. R&R at 9). In support of this assessment, Judge Keyes found it "doubtful that the claim has ever been fairly presented to the Minnesota Supreme Court." (*Id.*). Judge Keyes listed a number of reasons for this determination, including that Don did not argue ground II on direct appeal, because Don's claim was argued in his first request for post-conviction relief but was not addressed on the merits, and Don did not appeal the denial of his motion for post-conviction relief. (*Id.*). Nevertheless, "[o]ut of an abundance of caution," Judge Keyes requested supplemental briefing on ground II of Don's Petition. (*Id.* at 10). With respect to ground IV, Judge Keyes determined that Don's "claim was fairly presented . . . to the Minnesota courts on direct appeal. Moreover, the claim is cognizable on habeas review, as it sounds at least partly in federal law." (*Id.* at 12) (citations omitted).

---

[5] Judge Keyes did not have the benefit of Don's pro se brief filed with the Minnesota Court of Appeals or the petition for review of the Minnesota Court of Appeals's decision to the Minnesota Supreme Court. *See, e.g.*, (Mar. R&R at 10) (stating that Don's pro se brief was not filed with his Petition "and so this Court cannot check the veracity of Don's claim"). Judge Keyes did not specifically state whether the petition for review of the Minnesota Court of Appeals's decision to the Minnesota Supreme Court was before the Court, but a review of the docket suggests that Judge Keys did not have the benefit of Don's petition requesting review of the Minnesota Court of Appeals's decision.

4

At the request of the Court, Respondent filed an Answer to Don's Petition addressing grounds II and IV. *See* (Order Dated March 8, 2016) [Doc. No. 10]; *see also* (Resp't's Answer to the Pet'r's Pet. for Writ of Habeas Corpus, "Answer") [Doc. No. 16]. Respondent argues that ground II is procedurally defaulted and there is neither cause nor actual prejudice that warrants the Court's review of Don's ground II on the merits. (Answer at 2–4). With respect to ground IV, Respondent argues that the Court should deny ground IV because the state court decisions were based on a reasonable determination in light of the evidence presented and were not contrary to nor involved an unreasonable application of federal law. (*Id.* at 6–10).

Don responded to Respondent's Answer on May 2, 2016. *See* (Reply). In particular—with respect to ground II—Don argues that his pro se status, misunderstanding of the law, and limited access to the law library are cause for his procedural default. (*Id.* at 1). With respect to ground IV, Don argues that the Minnesota Court of Appeals decision was an unreasonable application of law to the facts in light of the evidence presented at trial. (*Id.* at 3–8).

On September 9, 2016, Don filed his Motion to Amend Petition. (Mot. to Amend Pet.). In his Motion to Amend Petition, Don seeks to correct the named Respondent as Steve Hammer is not the "'current custodian' applicable as Respondent." (Mot. to Amend Pet. at 2). Respondent does not object to this amendment. *See* (Resp't's Answer to Pet'r's Req. to Alter/Amend/Supp. Pleadings) [Doc. No. 33].

## II.   DISCUSSION

Don's grounds for federal habeas relief have not been fairly presented to the Minnesota State Supreme Court for review and remain unexhausted. The time has passed in which Don can appeal these unexhausted grounds and application of *Knaffla* bars the assertions of these

5

unexhausted grounds in future post-conviction proceedings. Don's grounds for federal habeas relief are therefore procedurally defaulted and should be dismissed.

### A. Legal Standard

An application for writ of habeas corpus is only available to those in custody that exhaust their available state remedies. *See* 28 U.S.C. § 2254(b)–(c).

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Stated differently:

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (**including a state supreme court with powers of discretionary review**), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added) (citations omitted) (internal quotation marks omitted). Fair presentation of a claim occurs when "the state court rules on the merits of his claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

In situations where a claim is unexhausted, but no state court remedy exists (because, e.g., procedural rules would prevent further attempts at exhaustion), the claim is also considered procedurally defaulted. *See, e.g.*, *Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011) (holding that petitioner procedurally defaulted on his Eighth Amendment claims because they were not properly raised in state court and were

6

therefore barred under *Knaffla*); *Stanley v. Lockhart*, 941 F.2d 707, 709 (8th Cir. 1991) (holding that the petition "procedurally defaulted his post-conviction claim by failing to meet the deadline for his appeal from the state trial court's denial of post-conviction relief"). When a claim is procedurally defaulted, federal courts are prevented from adjudicating the claim on the merits unless a petitioner can demonstrate cause and prejudice. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th. Cir. 2005) (stating that "if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default' (or actual innocence, which is not an issue in this case)" (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996))).

### B. Analysis

The record before this Court establishes that Don's claims are both unexhausted and procedurally defaulted.

#### 1. Exhaustion

The only issue appealed to the Minnesota Supreme Court was whether "[i]t is improper . . . for a district court judge to consider a defendant's criminal history three times when it imposed a durational departure pursuant to the dangerous offender statute." (Resp't's Exs. Part 2 at 44). Here, ground II of Don's Petition alleges the trial court's limitations on closing arguments were improper. *See* (Pet. at 7). Ground IV alleges that a suggestive pretrial identification admitted at trial was improper. (*Id.* at 10). Construed liberally, neither grounds II

nor IV are congruent with the issue presented to the Minnesota Supreme Court on Don's direct and only appeal to that court. Because grounds II and IV were not fairly presented to the Minnesota Supreme Court, Don's grounds were not exhausted on direct appeal. *See Baldwin*, 541 U.S. at 32 (holding "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").[6] On that basis alone, Don's Petition should be dismissed.

Don's post-conviction petitions cannot cure the fact that the grounds in Don's Petition are unexhausted. Importantly, while Don may have raised these grounds in separate requests for post-conviction relief, he nevertheless failed to appeal denials of his petitions to the Minnesota Court of Appeals, let alone to the Minnesota Supreme Court. *See* (Ex. 1 at 3–4) (stating Don raised ground II in his first request for post-conviction relief and raised ground IV in his second request for post-conviction relief); (Reply at 1) (stating that Don did not appeal adverse his post-conviction determination of the state district courts). Failure to appeal these post-conviction relief determinations to the Minnesota Supreme Court prevents them from being fairly presented. *See Baldwin*, 541 U.S. at 29.

In sum, the various proceedings in state court clearly establish that Don did not exhaust his grounds for federal habeas relief.

### 2.     Procedural Default

---

[6]     It is true that Judge Keyes stated that he believed that ground IV "was fairly presented by Don to the Minnesota courts on direct appeal." (Mar. R&R at 12) (citing *Don*, 2015 WL 648243 at *2–3). Judge Keyes, however, did not appear to have the full record before him when making his determination. *See* (*id.* at 10) (stating that Don's pro se supplemental brief was not before Judge Keyes at the time of Judge Keyes's recommendation). In light of the full record before this Court, this Court respectfully disagrees with Judge Keyes's initial assessment that ground IV of Don's petition was fairly presented to the Minnesota courts.

Don's grounds for federal habeas relief are procedurally barred in Minnesota state court in view of both Minnesota Rules of Criminal Procedure 28.02 and *Knaffla*. With respect to Minnesota Rule of Criminal Procedure 28.02, the time for Don to seek appropriate state appellate review has long passed. Under this rule, "an appeal by the defendant from an order denying a petition for postconviction relief **must be filed within 60 days** after entry of the order." *See* Minn. R. Crim. P. 28.02, subdiv. 4(3)(c) (emphasis added). Orders denying Don's requests for post-conviction relief were issued in August of 2015 and November 2015. *See* (Pet. at 3, 4). Don never attempted to appeal those decisions, and the 60-day period to appeal those decisions has passed. (Reply at 1).

Also, as stated by the state district courts, Don's future attempts to obtain post-conviction relief for grounds II and IV are barred under *Knaffla*. *See* (Ex. 1 at 3–4). There is nothing to suggest that the state court findings regarding the application of *Knaffla* were contrary to law. Under *Knaffla*, "[t]he primary exceptions . . . are where a novel legal issue is presented, or the interest of fairness require relief." *Murphy*, 652 F.3d at 849 (citing *Washington v. State*, 675 N.W.2d 628, 630 (Minn. 2004)). Here, nothing in Don's Petition is novel, nor do any of his arguments suggest that interests of justice require review. As the state courts correctly established, Don could have raised these grounds previously, and his failure to do so bars future attempts at relief under *Knaffla*. *Cf. Murphy*, 652 F.3d at 849–50.

Further, bars imposed by Minnesota Rules of Criminal Procedure 28.02 and the application of *Knaffla* to Don's grounds for habeas relief are both firmly established and regularly followed by Minnesota state courts. *See, e.g.*, *Rickert v. State*, 795 N.W.2d 236, 246 (Minn. 2011) ("A petitioner is entitled to appeal the denial of a postconviction petition so long as the appeal is taken within 60 days after entry of the district court's order denying the

9

postconviction petition." (citing Minn. R. Crim. P. 28.02, subdiv. 4(3)(c))); *Buckingham v. State*, 799 N.W.2d 229, 231–34 (Minn. 2011) (applying *Knaffla*). Stated differently, should Don appeal his prior post-conviction decisions, Minnesota Rules of Criminal Procedure 28.02 would constitute a procedural basis for rejecting Don's attempts to obtain relief for his unexhausted grounds raised in his post-conviction petitions. In addition, should Don seek additional post-conviction relief, *Knaffla* would procedurally bar Don from obtaining relief for his unexhausted grounds because Don knew or should have known of these grounds at the time of his direct appeal. Consequently, Don's unexhausted grounds for habeas relief are procedurally defaulted.

In light of the above, the only way in which the Court may adjudicate Don's Petition on the merits is if he can show cause and prejudice to excuse his procedural default. *See Armstrong*, 418 F.3d at 926. Don has not provided the requisite showing. Don argues that his pro se status, misunderstanding of the law, and limited access to the law library are cause for his procedural default. *See* (Reply at 1–2). It is well-settled, however, that "'cause' under the cause and prejudice test must be something **external** to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To that end, the Eighth Circuit has previously held that a petitioner's pro se status, misunderstanding of the law, and limited access to the law library are not an external impediment of sufficient character to excuse procedural default. *See, e.g.*, *Williams v. Norris*, 80 F. App'x 535, 536 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding lack of access to the law library did not establish cause excusing petitioner's procedural default); *Stanley*, 941 F.2d at 710 (holding petitioner's "pro se status and his limited education background do not constitute sufficient cause to excuse procedural default" and citing cases); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (holding petitioner's pro se status, limited education background, and procedural ignorance did

not constitute sufficient cause to excuse procedural default). "Because [Don] has not established cause for the default, the question of prejudice need not be reached." *Murphy*, 652 F.3d at 850.

In sum, Don's remaining grounds (II and IV) were never fairly presented to the Minnesota Supreme Court and are procedurally defaulted in view of both Minnesota Rule of Criminal Procedure 28.02 and *Knaffla*. Accordingly, this Court must recommend that Don's remaining grounds II and IV and his Petition as a whole be dismissed.

### C.     Motion to Amend

Don seeks to amend his Petition to change the name of the Respondent. (Mot. to Amend Pet.). While the Court appreciates Don's desire for accuracy, his motion should be denied as moot. Importantly, this amendment does nothing to cure the underlying deficiencies of Don's Petition. Regardless of the named Respondent, the underlying facts with respect to when Don raised various grounds contained in his Petition, to which courts these grounds were raised, and the determination of the various state courts do not change. Because this Court recommends that Don's remaining grounds—and his Petition—be dismissed, the Court also recommends that Don's Motion to Amend Petition be denied as moot.

### III.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Don's grounds for federal habeas relief any differently than they have been decided here. Don has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Don not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Tony Don's ("Don") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

2. Don's Authorization to Amend Petition Pursuant to 28 U.S.C. § 2242 [Doc. No. 27] be **DENIED as moot**;

3. This action be **DISMISSED without prejudice**; and

4. If this Report and Recommendation is adopted, a COA should not issue and judgment should be entered accordingly.

Dated: March 28, 2017

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.