# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Tony Don,

        Petitioner,

v.

Steve Hammer,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 16-103 ADM/SER

_____

Tony Don, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Tony Don's ("Don") Objection [Docket No. 37] ("Obj.") to Magistrate Judge Steven E. Rau's March 28, 2017 Report and Recommendation [Docket No. 36] ("R&R"). In the R&R, Judge Rau recommends denying Don's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Docket No. 1] and denying as moot Don's Motion for Authorization to Amend Petition [Docket No. 27]. After a de novo review of the record, and for the reasons stated below, Don's Objection is overruled and Judge Rau's R&R is adopted.

## II. BACKGROUND

In September 2013, a state court jury found Don guilty of first-degree aggravated robbery, and he is currently a prisoner at the Minnesota Correctional Facility in Oak Park Heights, Minnesota. Pet. [Docket No. 1] at 1; State v. Don, No. A14-0261, 2015 WL 648243, at *1 (Minn. Ct. App. Feb. 17, 2015).

Don appealed his conviction to the Minnesota Court of Appeals on multiple grounds, including that the trial court "improperly allowed evidence of an overly suggestive identification of him at trial." Don, 2015 WL 648243, at *1. After applying the five-factor test for determining whether pretrial-identification evidence is reliable and concluding that "based on the totality of the circumstances, any suggestiveness in the show-up procedure did not create a substantial likelihood of irreparable misidentification," the Court of Appeals affirmed Don's conviction. Id. at *2–3, *8 (citing State v. Ostrem, 535 N.W.2d 916, 921 (Minn. 1995)).

Don "insisted" his attorney file a Petition for Review with the Minnesota Supreme Court. Obj. at 1. Don was under the impression that his lawyer would raise the same issues in the Petition for Review as were raised to the Minnesota Court of Appeals. Id. Don's attorney filed a Petition for Review with the Minnesota Supreme Court and furnished him with a copy of the Petition for Review on March 19, 2015. See Resp'ts' Exs. Part 2 [Docket No. 16, Attach. 3] at RC-107 ("Petition for Review"); March 19, 2015 Letter [Docket No. 38] at 2. The sole issue presented in the Petition for Review was: "Is it improper for a district court judge to consider a defendant's criminal history three times when it imposed a durational departure pursuant to the dangerous offender statute." Petition for Review at RC-109. Don states that he was "disappointed" by his attorney's failure to raise the suggestive identification issue to the Minnesota Supreme Court, but "did not know what to do from there with that . . . I thought it was too late." Obj. at 1. The Minnesota Supreme Court denied Don's Petition for Review on May 19, 2015. Resp'ts' Exs. Part 2 at RC-131.

In July 2015, Don filed a petition for post-conviction relief in Minnesota state district court, but did not raise the pre-trial identification issue as a ground for relief. See Pet. at 4. The

district court denied the petition in August 2015 and Don did not appeal. In September 2015, Don filed a second petition for post-conviction relief in Minnesota state district court, this time challenging the validity of the pre-trial identification. The district court held that Don's claims were barred under State v. Knaffla, 243 N.W.2d 737 (Minn. 1996).[1] Pet'r's Ex. 1 [Docket No. 4] at 4.[2] Don also did not appeal this denial. He states that he did not appeal either of his state post-conviction petitions because he "did not know how to proceed." Pet'r's Reply [Docket No. 17] at 1. Don next filed a state habeas petition on September 25, 2015, which was also denied. See generally Pet'r's Ex. 1 at . He did not appeal the denial of the state habeas petition.

On January 19, 2016, Don initiated this Petition for federal habeas corpus relief on five grounds, including the validity of the pre-trial identification (Ground IV) and ineffective assistance of counsel (Ground V). See generally Pet. On March 8, 2016, Magistrate Judge Jeffrey Keyes[3] performed a preliminary review of the Petition and issued a Report and Recommendation (the "March 2016 R&R") [Docket No. 11] recommending denial of Grounds I, III, and V. In allowing Ground IV to proceed, Judge Keyes determined that Don's pre-trial identification claim had been "fairly presented by Don to the Minnesota courts on direct appeal." Id. at 12. At the time Judge Keyes made this determination, Don's Petition for Review to the Minnesota Supreme Court was not included in the record. Thus, although Judge Keyes was

---

[1] Under State v. Knaffla, a claim for post-conviction relief is procedurally barred if a direct appeal was taken and the claim was either raised or was known but not raised. 243 N.W.2d at 741 ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").

[2] The page references to this Exhibit are to CM/ECF pagination.

[3] This case was reassigned to Judge Rau in March 2016 due to Judge Keyes' retirement. See Clerk's Notice of Assignment [Docket No. 13].

3

aware that the Petition for Review had been filed, he likely did not know the substance of the Petition for Review and was not aware that the pre-trial identification issue had not been appealed to the Minnesota Supreme Court. No objections were raised to the March 2016 R&R, and this Court issued an April 1, 2016 Order adopting the R&R and dismissing Grounds I, III, and V. See Order Adopting R&R [Docket No. 15].

On March 28, 2017, Judge Rau issued the present R&R recommending dismissal of Don's remaining claims (Grounds II and IV) on the basis that both claims are unexhausted and procedurally defaulted. Don does not object to the dismissal of Ground II. Obj. at 1. Thus, the only issue is whether Ground IV—the pre-trial identification issue—should be dismissed.

### III. DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

As the R&R correctly notes, a state prisoner is required to exhaust all state court remedies before a federal court will consider the merits of a petition for federal habeas relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that exhaustion of available state remedies requires a prisoner to "fairly present his claim in each

appropriate state court . . . including a state supreme court with powers of discretionary review") (quotations omitted). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). Therefore, comity requires that state courts have the first opportunity to review state prisoners' federal claims. O'Sullivan, 526 U.S. at 844. Failure to properly present federal claims to all available state courts, including a state supreme court, will bar federal review. Id. at 845, 848; Baldwin, 541 U.S. at 29.

Here, Judge Rau correctly concluded that Don's claim of overly suggestive pre-trial identification has not been exhausted because the claim was never presented to the Minnesota Supreme Court. Although Don petitioned the Minnesota Supreme Court to review the Minnesota Court of Appeals decision, the Petition for Review did not include the pre-trial identification claim. Don also did not appeal the state court's denials of his post-conviction petitions. Thus, Don has not fairly presented the pre-trial identification claim to all available state courts.

In addition to being unexhausted, the pre-trial identification claim is procedurally barred under Knaffla because Don knew of the claim but did not raise it to the Minnesota Supreme Court at the time he appealed his conviction. The claim is also procedurally barred under Minnesota Rule of Criminal Procedure 28.02 because Don never appealed the state district court orders denying post-conviction relief, and the 60-day time period for appealing those decisions has long since passed. See Minn. R. Crim. P. 28.02 ("[A]n appeal by the defendant from an order denying a petition for postconviction relief must be filed within 60 days after entry of the order.").

5

If no state court remedy is available for an unexhausted claim, such as when a petitioner has procedurally defaulted their federal claim in state court, federal courts are prevented from adjudicating the claim on the merits unless the petitioner can demonstrate cause and prejudice for the default or can show actual innocence.[4]  Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005).

Don has not shown cause for procedurally defaulting on his federal claims in state court. He argues that he did not raise the pre-trial identification claim to the Minnesota Supreme Court because his attorney negligently failed to include the claim in the Petition for Review.  Obj. at 1. However, Don received a copy of the Petition for Review in March 2015.  Thus, he knew in March 2015 that the pre-trial identification issue had not been presented to the Minnesota Supreme Court, yet he did nothing to alert his attorney or remedy the situation because he "did not know what to do" and "thought it was too late."  Obj. at 1.  Based on these circumstances, Don's counsel's performance is not cause to excuse the procedural default of Don's pre-trial identification claim in state court.[5]  Additionally, Don's pro se status and lack of legal knowledge are not cause for procedurally defaulting on his postconviction petitions by failing to appeal them.  See Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (holding that a defendant's "pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default").  Because Don has not established cause for the default,

---

[4] Don does not argue that he is actually innocent.

[5] As Judge Keyes correctly noted in the March 2016 R&R adopted by this Court, Don has never presented his ineffective assistance of counsel claim to the Minnesota state courts and thus cannot pursue federal habeas relief on this basis.  See March 2016 R&R at 12–13 (recommending dismissal of Ground V of the Petition); Order Adopting R&R at 1 (dismissing Ground V of Petition).

the question of prejudice need not be reached. Murphy v. King, 652 F.3d 845, 850 (8th Cir. 2011).

Based on the foregoing, the Petition is dismissed without prejudice because Don failed to properly exhaust his federal claims in state court, has procedurally defaulted on those claims, and has not established cause for the default.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, it is virtually certain that no other federal court, including the Eighth Circuit Court of Appeals, would decide Don's constitutional claims any differently than they have been decided here. Don has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. The Court therefore declines to grant a certificate of appealability.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Tony Don's Objection [Docket No. 37] to Magistrate Judge Steven E. Rau's March 28, 2017 Report and Recommendation [Docket No. 36] is **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Don's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is **DENIED**;

4. Don's Motion for Authorization to Amend Petition Pursuant to 28 U.S.C. § 2242 [Docket No. 27] is **DENIED as moot**;

5. This action is **DISMISSED WITHOUT PREJUDICE**; and

6. Don is **NOT** granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 16, 2017.